# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1295V

|  |  |
|---|---|
| SAUL ANTONIO TORRES-BARRERA,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 28, 2026 |

*Jessica Ann Wallace, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.*

*Julianna Rose Kober, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 10, 2023, Saul Antonio Torres-Barrera filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he sustained brachial neuritis, and a shoulder injury related to vaccine administration Petition, ECF No. 1. On June 23, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 44.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $73,206.22 (representing $71,719.15 in fees plus $1,487.07 in costs). Application for Attorneys' Fees and Costs ("Motion") filed August 12, 2025, ECF No. 50. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on August 18, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but defers resolution of the amount to be awarded to my discretion. ECF No. 51 at 2-5. Petitioner filed a reply thereafter requesting an award of fees and costs as indicated in the Motion. ECF No. 52.

I have reviewed the billing records submitted with Petitioner's request. The rates requested by attorney Jessica Wallace, Debra Gambella, Daisy Mazoff and supporting paralegals are reasonable and consistent with our prior determinations and shall be awarded. Petitioner has also requested the hourly rate of $360.00 for 2022 work performed by attorney Dana Smith. Ms. Smith indicated in her affidavit that she is licensed to practice as of 2016 and is admitted to this Court as of 2022. ECF No. 50-4. Based on my experience applying the factors[3] relevant to determining proper hourly rates for Program attorneys, I find the requested rates to be reasonable and I find no cause to reduce the requested hours or rates.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 50-1 at 62-88. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $73,206.22 (representing $71,719.15 in fees plus $1,487.07 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

---

[3] *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master